**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1221
_____

NICO ELECTRICAL CONTRACTOR, INC.;
MARSHALL B. WILLIAMS

Appellants

v.

CITY OF CAMDEN; EUGENE EMENECKER;
WILLIAM REVAITIS; JAMES RIZZO; IRAIDA AFANADOR

_____

On Appeal from the United States District Court for the
District of New Jersey
(District Court No.: 1-13-cv-06353)
District Judge: Honorable Noel L. Hillman

_____

Submitted under Third Circuit LAR 34.1(a)
on September 15, 2017

(Opinion filed: October 4, 2017)

Before: VANASKIE, RENDELL, and FUENTES, Circuit Judges

## O P I N I O N *

**RENDELL**, <u>Circuit Judge</u>:

Appellant Marshall B. Williams[1] brings § 1983 claims against the City of Camden and its officials, Inspectors William Revaitis and Eugene Emenecker, their supervisor James Rizzo, and Iraida Afanador, the City's former Director of the Department of Code. Williams, an electrical contractor, left his local electrical workers union in 1998 to start his own company, which did not utilize union labor. He alleges that, in four incidents between November 2011 and August 2013, the city violated his constitutional rights by taking retaliatory actions against him on account of his non-union status.[2]

Williams raises a number of arguments on appeal, but we need not address them all. We agree with the District Court that there is no evidence to support Williams's claim that he was retaliated against due to non-union animus. Thus, we will affirm the District Court's ruling.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] Williams is the sole owner and operator of Nico Electrical Contractor, Inc., the other plaintiff in this suit.
[2] Williams seems to argue that non-union status is an associational right guaranteed by the First Amendment.

## I. Analysis[3]

To succeed on a § 1983 claim that a Government entity retaliated against him in violation of his constitutional rights, Williams must demonstrate that (1) he engaged in constitutionally protected conduct, (2) the state engaged in retaliatory conduct sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) there was a causal link between the constitutionally protected conduct and the retaliatory action. *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006). Setting aside the first two prongs,[4] we agree with the District Court that Williams has not demonstrated a sufficiently direct causal connection between protected conduct and alleged retaliatory action.

His claims arise from four incidents that occurred between November 2011 and August 2013. We address each in turn. First, he cites a November 2011 incident involving William Revaitis, a city electrical inspector. Revaitis was inspecting Williams's job on a site, and allegedly told the property owner to hire a different electrician named George Cassidy, because Cassidy would "give [the owner] a better price, [and] his work is much better [than Williams's]." App. 107a. A jury could not find a causal link between

---

[3] We review the District Court's grant of summary judgment *de novo*. *Fraternal Order of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238 (3d Cir. 2016). We view evidence in the light most favorable to the nonmoving party, drawing all reasonable inferences in the nonmovant's favor. *Id.*

Our jurisdiction comes from 28 U.S.C. § 1291. The District Court had jurisdiction under 28 U.S.C. §§ 1331 & 1343.

[4] Although we need not decide the issue, our Circuit has not weighed in on the viability of the expressive association rights Williams is claiming: he seems to assert that he has expressed himself by *not* being a member of a union. But the cases he cites for support protect union membership, not non-union membership.

this statement and Williams's non-union status: Williams himself testified that George Cassidy was not a member of a union. Thus, there is no reason to believe that Revaitis retaliated on account of union status.[5]

Second, Williams cites a January 2012 incident where Revaitis "failed" Williams's work at a different site. Williams disagreed with Revaitis's evaluation: while he acknowledged there was an electrical problem at the site, he claimed that the error Revaitis found was not caused by Nico Electrical's work. Two weeks after Williams protested the failure, Revaitis revised his evaluation and passed the job, without Williams having done any repairs. On review, Revaitis seems to have agreed with Williams's evaluation of the situation.

Once again, nothing in the facts indicates any preference for union versus non-union electricians. Nor does anything suggest that Revaitis was taking actions against Williams on account of his non-union status. Instead, this incident evidences a professional disagreement, potentially based on error by Revaitis. But, ultimately the City of Camden approved the job.

Third, Williams cites a December 2012 incident where another inspector, Eugene Emenecker, allegedly temporarily "failed" his work, finding error.[6] While conducting the inspection, Emenecker allegedly said "you know how you supposed to do it, y'all worked out of the local before." App. 87a. Shortly thereafter, Williams contacted Emenecker's

_____

[5] While Williams points to conversations between Revaitis and Williams about Williams non-union status, these conversations occurred, at the latest, in July 2004, seven years beforehand. **App. 87a**. This wide temporal span weakens Williams's claim that the remarks help contextualize Revaitis's evaluations.

[6] Unlike the other incidents, there is no documentation of this failure in the record.

supervisor, Eugene Rizzo. Eventually, Williams's work on the project was marked approved. Rizzo testified that the matter was a "difference of opinion" between Emenecker and Williams. App. 128a.

Again, there is no evidence in the record demonstrating that Emenecker treated union members any better than Williams. Even though Emenecker made a remark to Williams regarding union status, a reasonable juror could not find that Emenecker's decision to temporarily fail contested inspections was a result of union status, rather than the perceived quality of the work.

Finally, Williams points to an August 2013 inspection. There again, Emenecker inspected Williams's work and temporarily failed it, on grounds that Williams claims were unrelated to the work Nico Electric performed on the property. Williams fixed the problem Emenecker found free of charge, even though he claims he had not created the problem. This claim, individually or combined with the others,[7] still fails to suggest Emenecker's behavior had any root in an anti-non-union bias.[8]

On appeal, Williams argues that the District Court overlooked two critical pieces of evidence. **Appellant's Br. at 9-10.** First, he says that statements by Camden's CFO, even though outside the statute of limitations period, constitute a "statement of policy and

---

[7] Williams argues that the events "combine" to suggest a pattern of unconstitutional state-sponsored behavior. Whether viewed individually or as a whole, we disagree that any jury could find that Williams's constitutional rights were violated.

[8] Because we find no constitutional violation by individual officers, it follows that there is no supervisory liability for Defendants Rizzo and Afanador. The *Monell* claim against the city similarly fails because there was no underlying violation of his constitutional rights, *Mulholland v. Gov't Cty. of Berks*, 706 F.3d 227, 238 n.15 (3d Cir. 2013), let alone a "custom" of such conduct.

direct evidence of discriminatory intent." Appellant's Br. at 10. Williams alleges that the city CFO told him that in 2002, a powerful local union official advocated that the city re-bid a contract to provide electrical services, because Williams had won the first round. **73a-53a.** But the facts here cut this claim off at the pass: no such rebidding ever occurred.[9] Second, he claims that inspectors violated state regulatory laws in how they treated Williams. But he has not cited any such regulatory laws in order for us to evaluate this claim.

## II. Conclusion

Because we agree that Williams has not sufficiently alleged that the allegedly retaliatory conduct was linked to a non-union bias, we will not disturb the District Court's grant of summary judgment.[10] Thus, we will affirm.

---

[9] We further doubt the relevance of this claim to any of Williams's current allegations.

[10] We also note that an investigation by a City of Camden official also found that Williams's claims lacked merit.